# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Kattie Tucker, as administrator Of the Estate of Jermain Brown *Plaintiff*, -vs- Sheriff of Cook County, and Cook County, Illinois *Defendants*. | ) ) ) ) ) ) ) ) ) ) | No. 09 CV _____ (jury demand) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.  This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.  Plaintiff Kattie Tucker, as administrator of the Estate of Jermain Brown is a resident of the Northern District of Illinois. Jermain Brown died on November 20, 2008 at John Stroger Hospital. At the time of his death, Jermain Brown was in the custody of the Sheriff of Cook County.

3.  Defendants are the Sheriff of Cook County and Cook County, Illinois. Plaintiff sues the Sheriff in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).



4. At all times relevant, defendant Sheriff has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle all male prisoners in the custody of the Sheriff of Cook County whenever the prisoner is being treated at a hospital outside of the Cook County Jail compound. The Sheriff requires shackling without exception; The Sheriff does not permit the exercise of discretion in situations where mandatory shackling would plainly be excessive or not rationally related to a legitimate non-punitive government purpose. Thus, the Sheriff requires that all male prisoners be shackled to a hospital bed, even when a male prisoner is moribund, semi-conscious, is in intensive care, is paraplegic or otherwise unable to walk.

5. Jermain Brown entered the Cook County Jail as a pretrial detainee in 2004. In January of 2005, Mr. Brown was diagnosed with leukemia. The leukemia went into remission after treatment.

6. In October of 2007, Brown learned that the leukemia had returned. Mr. Brown succumbed to this illness on November 20, 2008.

7. From December of 2007 to the time of his death on November 20, 2008, Brown was repeatedly transported from the Jail to Stroger Hospital for treatment. During each hospitalization, Brown was shackled to his hospital bed pursuant to the Sheriff's shackling policy.

8. Brown's physical condition continued to worsen while the leukemia ravaged his body.

9. Brown was admitted to Stroger Hospital on or about November 1, 2008. Brown was then in the final weeks of his life and he was unable to get out of bed without assistance. Nonetheless, Brown was shackled to his hospital bed as required by the Sheriff's shackling policy.

10. The use of bodily restraints on the plaintiff when he was hospitalized at Stroger Hospital was not rationally related to any legitimate, non-punitive government purpose and was excessive in relation to any purpose allegedly served by the shackles.

11. As a direct and proximate result of the Sheriff's shackling policy, Jermain Brown was unreasonably restrained, subjected to punishment, incurred skin abrasions to his leg and wrist, and incurred great emotional and physical pain and suffering.

12. Plaintiff hereby demands trial be a jury.

Wherefore plaintiff requests that judgment be entered in his favor and against defendants in an amount in excess of one hundred thousand dollars as compensatory damages and that the costs of this action, including reasonable attorney's fees, be taxed against the defendant Cook County.

/s/ Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900

Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

*Attorneys for Plaintiff*